UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE POINTER, | ) | Case No. 1:17CV2048 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| WARDEN RICHARDS[1], | ) | |
| | ) | **Report and Recommendation of** |
| | ) | **Magistrate Judge** |
| Respondent. | ) | |
| | ) | |

On September 10, 2017, Petitioner Dennis Wayne Pointer ("Petitioner") executed[2] a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, which was filed on September 27, 2017. ECF Dkt. #1. Petitioner seeks relief from his guilty pleas entered in the Cuyahoga County, Ohio Court of Common Pleas, where he was convicted of murder and two counts of sexual battery in violation of the Ohio Revised Code ("ORC"). ECF Dkt. #1 at 11, 13. On February 21, 2018, Respondent, Warden of the Madison Correctional Institution, filed a motion to dismiss Petitioner's § 2254 federal habeas corpus petition. ECF Dkt. #9. Petitioner filed a response to the motion to dismiss on March 7, 2018. ECF Dkt. #10. He also filed a motion for leave of Court in order to conduct discovery. ECF Dkt. #11. Respondent filed a response in opposition to the motion for leave on March 8, 2018. ECF Dkt. #12. Petitioner thereafter filed a motion for leave to amend his exhibits on March 13, 2018. ECF Dkt. #13.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss and DISMISS Petitioner's § 2254 federal habeas corpus petition in its entirety WITH PREJUDICE. ECF Dkt. #9. Accordingly, the undersigned DENIES as MOOT

---

[1] According to the Ohio Department of Rehabilitation and Correction's website, the Warden of the Madison Correctional Institution is now Jeff Noble. http://drc.ohio.gov/maci. The docket should reflect Respondent as Warden Noble.

[2] The undersigned notes that Petitioner indicated that he placed his federal habeas corpus petition in the prison mailing system on September 10, 2017, but then he indicated that he executed the petition on September 18, 2017, 8 days after placing it in the mail. ECF Dkt. #1 at 7. Since Petitioner is pro se, the undersigned has given Petitioner the benefit of the doubt and therefore uses the date of September 10, 2017 as the execution date.

Petitioner's motion for leave to conduct discovery (ECF Dkt. #11) and his motion for leave to amend his exhibits (ECF Dkt. #13).

## I.  PROCEDURAL HISTORY

In its July 25, 2005 opinion, the Eighth District Court of Appeals of Ohio did not set forth the facts underlying Petitioner's criminal case, but noted that he had pled guilty on August 10, 1993 and he did not file a direct appeal. ECF Dkt. #9-1 at 101-102. The Ohio appellate court indicated that it was addressing the trial court's denial of Petitioner's motion to withdraw his guilty pleas, which he had filed on May 12, 1999 and the trial court denied on May 24, 1999. *Id*.

Below, the undersigned reviews the entire procedural history in Petitioner's case.

### A.  State Trial Court

In its January 1993 Term, the Cuyahoga County, Ohio Grand Jury indicted Petitioner in Case Number CR 294419 for kidnapping in violation of ORC § 2905.01, rape in violation of ORC § 2907.02, and gross sexual imposition in violation of ORC § 2907.05. ECF Dkt. #9-1 at 6-8. The grand jury also indicted Petitioner in Case Number CR 294527 for two counts of rape in violation of ORC § 2907.02. *Id*. at 12-13. In a third case, Case Number CR 294529, the January 1993 Term of the Cuyahoga County Grand Jury indicted Petitioner for murder in violation of ORC § 2903.02. *Id.* at 16.

On August 19, 1993, the Cuyahoga County Court of Common Pleas issued a journal entry indicating that Petitioner had withdrawn his not guilty plea in Case Number CR 594419 and entered a guilty plea to sexual battery in violation of ORC § 2907.03, a lesser included offense of gross sexual imposition, and the prosecution dismissed the kidnapping and rape charges. ECF Dkt. #9-1 at 20. The trial court sentenced Petitioner to two years in prison to run concurrently with the sentences he received in the other two cases. *Id*. The trial court also issued a journal entry in Case Number CR 294527 on the same date indicating that Petitioner had withdrawn his not guilty plea and entered a guilty plea to sexual battery, a lesser included offense of rape, and the prosecution dismissed the other charge of rape. *Id*. at 21. The trial court sentenced Petitioner to two years on the charge, to run concurrently with Petitioner's sentences in the other cases. *Id*. And also on August 19, 1993, the trial court issued a third journal entry indicating that Petitioner had withdrawn

his not guilty plea in Case Number CR 294529 and entered a guilty plea to murder as charged in the indictment. *Id.* at 22. The trial court sentenced Petitioner to 15 years to life in prison on this charge, to run concurrently to the sentences in the other two cases. *Id.*

### B.  Direct Appeal

Petitioner did not file a direct appeal.

### C.  Motion to Withdraw Guilty Plea

On May 12, 1999, Petitioner, pro se, filed a motion to withdraw his guilty pleas and to have his sentences vacated pursuant to Ohio Criminal Rule 32.1 in the trial court. ECF Dkt. #9-1 at 23. Petitioner asserted that: he received the ineffective assistance of counsel; the imposition of $1,500.00 in court costs should be vacated; he was mentally disabled; he had a history with the Cleveland Police Department and prostitutes and pimps were scamming his disability money; and he made assertions concerning a prior drug case for which he pled guilty. *Id.* at 23-32.

The trial court denied the motion on May 24, 1999. ECF Dkt. #9-1 at 101.

### D.  Second Motion to Withdraw Guilty Plea

On August 3, 2004, Petitioner, pro se, filed a second motion to withdraw his guilty pleas. ECF Dkt. #9-1 at 40. He alleged that the State of Ohio and the sentencing judge breached his plea agreement because the court failed to inform him that the parole board could extend his parole eligibility after it held a hearing and imposed 30-90 days for every institutional rule that he violated and it came out to be 10 years. *Id.* at 40-41.

On August 9, 2004, the trial court denied Petitioner's second motion to withdraw his guilty plea. ECF Dkt. #9-1 at 43.

On September 3, 2004, Petitioner filed a notice of appeal and a motion for appellate review to the Eighth District Court of Appeals. ECF Dkt. #9-1 at 47. Petitioner, pro se, asserted that he was denied parole for reasons that were not part of his plea agreement and the reasons for denying his parole were never explained to him. *Id.* at 49. He also complained that he was given another ten years for violating prison rules without due process. *Id.*

On September 27, 2004, the Ohio appellate court granted Petitioner motion for appellate review. ECF Dkt. #9-1 at 62. In his appellate brief, Petitioner presented the following assignments of error:

1.    Was Defendant Given Ineffective Assistance of Counsel[?]

2.    Did the State Breach the Contract it made with Defendant[?]

3.    Did the State Denied[sic] Defedant[sic] his right to Due Process[?]

4.    Does Defendant have a Right to Withdraw his Guilty Plea[?]

5.    Did the Court Abuse its Discretion by Denying Defendant[sic] Motion to Withdraw his Guilty Plea[?]

*Id*. at 67. The State of Ohio filed an appellate brief on November 8, 2004. *Id*. at 77-90. Petitioner filed a reply brief on or about November 25, 2004. *Id*. at 97-99.

On July 25, 2005, the Ohio appellate court affirmed the trial court judgment. ECF Dkt. #9-1 at 100-106.

On August 15, 2005, Petitioner, pro se, filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #9-1 at 107. On the same day, Petitioner filed his memorandum in support of jurisdiction and presented the following propositions of law:

I.    The Court says that thier[sic] is nothing in the record to indicate that the State promised to consider Appellant for parole in 10 years 6 months.

II.   A person earning credit towards a sentence pursuant to section 2967.193 of House Bill 260 of the 117th General Assembly for a crime committed prior to July 15, 1996 may earn two days of credit for such participation as a deduction from his minimum or definite sentence.

*Id.* at 110-115. In an entry dated November 23, 2005, the Supreme Court of Ohio denied the appeal as not involving any substantial constitutional question. *Id.* at 124.

### E.    Application to Reopen Appeal

On March 18, 2014, over nine years later, Petitioner filed an application to reopen his appeal in the Ohio appellate court. ECF Dkt. #9-1 at 125. He asserted that new facts had arisen that were not available to him when he filed his first appeal. *Id*. Petitioner contended that the trial court committed plain error when it accepted his plea as knowingly, voluntarily and intelligently made

-4-

because had he been told that he would have to be classified as a sexual predator and register as a sexual predator for life, he would not have entered a guilty plea. *Id*. at 126-127. He also indicated that the trial court denied his counsel's motion for an independent psychiatric examination, but the court indicated that counsel could resubmit the motion if significant additional information was produced. *Id*. at 127. He explained that he signed another release for all of his medical records, some of which were not available at the time of his plea and his attorney never ordered. *Id.*

On June 3, 2014, the appellate court denied Petitioner's application to reopen, reasoning that an application to reopen applies only to direct appeals of criminal convictions and not to challenges to postconviction motions such as motions to withdraw guilty pleas. ECF Dkt. #9-1 at 128-131.

### F.    Petition for Postconviction Relief

On September 21, 2016, Petitioner, pro se, filed a petition for postconviction relief and injunction in the Ohio appellate court. ECF Dkt. #9-1 at 134. He asserted that new evidence existed to show that the trial court acted outside of the scope of its authority by ordering him to pay court costs. *Id.* at 135. Petitioner argued that because the trial court exceeded his plea agreement by ordering him to pay court costs, he should be allowed to withdraw his guilty plea. *Id*. at 135-138.

On September 22, 2016, the Eighth District Court of Appeals in Ohio denied Petitioner's petition. ECF Dkt. #9-1 at 151.

Petitioner thereafter filed a motion to amend his petition for postconviction relief on January 8, 2017, but the Ohio appellate court denied it on January 11, 2017 as moot since the petition had already been denied. ECF Dkt. #9-1 at 152-156.

### G.    Other Postconviction Motions

Petitioner filed a motion to withdraw his guilty plea for want of jurisdiction and for a notice of appeal. ECF Dkt. #9-1 at 157. No filing date is listed on this motion. *Id*. Petitioner then filed a document captioned "Motion for Production of Document and Evidentrary[sic] Hearing Motion and To Withdraw Guilty Plea," which was also undated. *Id.* at 158. He filed a document labeled a motion for leave of court to amend his motion to withdraw his guilty plea, a motion for ineffective assistance of counsel and his counterclaim, with a filing date of April 30, 2014. *Id*. at 159-164. He also filed a motion to call and confront accusers and present evidence and a document labeled as a

motion for leave to file a counterclaim, a motion for an independent psychological evaluation, and "claiming acts of retiliation[sic] and due process of law violating under the 14th Amendment of the United States and Ohio State Constitution, seperation[sic] of powers doctrine, and U.S.C.A. section 12101 of the Americans with Disability Act. Also Ohio Revise[sic[ Code section 2941.13, pleading a statute and United States Constitution Article 1 Section 9 "No bill of ex-post factor law shall be passed R.C. 2950.031, and 2950.032." *Id.* at 166-178. He also filed a motion to dismiss the sexual predator classification, which was undated. *Id.* at 165. On May 5, 2014, Petitioner filed a motion for leave of court to amend his motion for an independent psychiatric evaluation. *Id.* at 179.

The State of Ohio filed briefs in opposition to Petitioner's motion to dismiss the sexual predator hearing. ECF Dkt. #199-209. On June 10, 2014, Petitioner, through counsel, filed a motion to dismiss his motion for a sexual predator specification. ECF Dkt. #188-190. Petitioner, through counsel, also filed a motion to dismiss his motion for sexual predator specification. *Id.* at 193-197.

On August 13, 2014, the trial court held a hearing on Petitioner's motion to dismiss his motion for a sexual predator specification as an ex post facto law. ECF Dkt. #9-1 at 210. No indication in the record shows a ruling on this motion.

### H. State Petition for Habeas Corpus

Meanwhile, on June 18, 2014, Petitioner, pro se, filed a petition for a writ of habeas corpus in the Ohio appellate court against the trial court judge. ECF Dkt. #9-1 at 211. He requested that the court withdraw his guilty plea and reverse his conviction because his plea agreement was breached after he served four years and then was given additional time by the parole board and had to attend sex offender programs and a sex offender classification hearing. *Id.* at 210-211. He also asserted that he had mental and medical disabilities prior to being incarcerated and he was not given his medications and he was discriminated against because of his hallucinations and hearing of voices that told him to take his penis out and masturbate. *Id.* at 212-229. The State of Ohio filed a motion to dismiss the habeas corpus petition on June 26, 2014. *Id.* at 230-237. Petitioner filed a motion to amend his petition on July 29, 2014, but the motion was denied as the Ohio appellate court had already dismissed the petition. *Id.* at 244-255, 263.

-6-

On July 23, 2014, the Ohio appellate court dismissed the habeas corpus petition.  ECF Dkt. #9-1 at 238-241.

On August 26, 2014, Petitioner, pro se, filed an appeal to the Supreme Court of Ohio.  ECF Dkt. #9-1 at 264.  In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

    I.    The Department of Rehabilitation and Correction acted outside the scope of thier[sic] statutory authority by recommending to Petitioners[sic] sentencing court that he be classified a sexual predator on September 25, 2013.

    II.    Defendant's motion to dismiss motion for sexual predator specification as an ex-post facto law was granted on August 11, 2014 by Judge Russo in Case No. 294419, and 294529.

    Petitioner had originally plead not guilty by reason of temporary insanity but had changed his plea to guilty after the court ruled that if any additional information concerning the Defendants[sic] mental health his counsel could resubmit motion for an independent psychiatric evaluation, on August 4 1993.

    On January 9 2014 Judge Joseph Russo ordered the warden of the Warren Correctional Institution to send a house bill 180 packet to him to include but not limited to the front of Defendants[sic] master file, his disciplinary record institutional summary report his job, and lock assignmnts, all certificates, his security classification instruments, all presentence and postsentence reports, and all psychological evaluations and reports.

    Judge Russo denied two state psychiatric evaluations but would not allow Petitioner an independent psych evaluation.

    Judge Russo abused his discretion by allowing the State to submit additional mental health information as Exhibits 1, 2, and 3 one of which was the house bill 180 package, the State was allowed to use the additional mental record records in their appeal.

    III.    The Ohio Adult Parole Board violated Petitioner's plea agreement by:

    1.    Exceeding the punishment of his sex offense sentence.

    2.    Not considering him for parole because he did not list a[sic] address were[sic] he could be parole to and they could not parole him to a halfway house because he was still classified as a sex offender.

    3.    Holding conduct against him which happened as a result of thier[sic] own assumptions that the sentencing court would aprove[sic] thier[sic] recommendations to exceed his sex offender sentence by classifying him as a sexual predator (**for life**).

    4.    Discrimination against him by punishing him for conduct reports that were a result of his mental disability.

5.      Forcing him to attend sex offenders programs for a past sex offense which he had already served the time for and not forcing other inmates that also incarcerated for claims other then a sex offense but had prior convictions for sex offenses.

*Id.* at 270-294.  The State of Ohio filed a merits brief on November 3, 2014.  *Id*. at 299-309. Petitioner filed a reply brief on November 21, 2014.  *Id.* at 310-315.

On June 3, 2015, the Supreme Court of Ohio affirmed the decision of the Ohio appellate court.  ECF Dkt. #9-1 at 320.

## I.      Writ of Procedendo

On June 19, 2014, Petitioner, pro se, filed a writ of procedendo in the Ohio appellate court. ECF Dkt. #9-1 at 321-325.  The State of Ohio filed a motion for summary judgment on July 16, 2014.  *Id.* at 326-332.  Petitioner filed objections and a response to the motion for summary judgment on July 25, 2014.  *Id*. at 334-337.

On August 19, 2014, the Ohio appellate court denied Petitioner's writ.  ECF Dkt. #9-1 at 338-341.

## II. 28 U.S.C. § 2254 PETITION

On September 10, 2017, Petitioner, executed the instant federal petition for a writ of habeas corpus, which was filed with the Court on September 27, 2017.  ECF Dkt. #1.  Petitioner asserts the following grounds for relief:

1.      Court waited 25 years to change Petitioner court cost, in violation of ex post facto clause and plea agreement.

2.      I have been given several new diagnosis[sic] and had those mental health records submited[sic] to sentencing court on September 25, 2013 for a sexual predator classification hearing.

3.      Judge, Cleary ordered on 8/4/93 that my counsel could resubmit motion for an independant[sic] psychiatric examination if additional mental records became available, but Judge Russo refused to take judicial notice of Judge Cleary orders when he ordered that Petitioners[sic] mental records be sent to him and granted the state two additional psychiatric examinations.

4.      Petitioner was denied his right to testify before the Grand Jury.

5.      Petitioner was denied his [ ] to repersent[sic] himself.

6.      Judge Russo did not have subject matter to order mental health record and hearing.

-8-

> It is well settled in Ohio Law that where an indigent defendant appears for sentencing and payment of court cost is made part of the sentence, the trial court will set aside payment of said cost upon objection of defense, and failure to trial counsel to request such waiver is ineffective assistance of counsel.
>
> Please note: That the state did not start taking money out of petitioner's personal account until 8/23/16 (See exhibit E attached)
>
> Petitioner also requests that this court order the lower court to repay money taken for court cost.

    7.    The Clerk did not put a certified stamp seal on Journal Entry (see Exh. A.).

    8.    Due process violations.

*Id.* at 5-6. On February 21, 2018, Respondent filed the instant motion to dismiss Petitioner's federal habeas corpus petition. ECF Dkt. #9. Petitioner filed a response to the motion to dismiss on March 7, 2018. ECF Dkt. #10. Petitioner thereafter filed a motion for leave of Court to conduct discovery on March 7, 2018, which Respondent opposed on March 8, 2018. ECF Dkt. #s 11, 12. Petitioner filed a motion for leave to amend his exhibits on March 13, 2018. ECF Dkt. #13.

### III.    **PROCEDURAL BARRIERS TO REVIEW**

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993). However, the Supreme Court has also held that it would be in the interests of the parties and the courts for the merits of a petition to be addressed forthwith if it is clear that the applicant does not even raise a colorable federal claim. *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *Prather v. Rees*, 822 F.2d 1418, 1421-22 (6th Cir. 1987) (lack of exhaustion was properly excused where petition was plainly meritless, the state had not addressed exhaustion, and disposition of the case would not offend federal-state comity).

### A.    **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the

date judgement became final.  28 U.S.C. §2244(d)(1).  Respondent asserts that the AEDPA statute of limitations bars Petitioner's grounds for relief in this case.

### B.   Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275,

-10-

125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009).  The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist."  *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963).  A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted.  *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

###    C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds."  *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment."  *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v.Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted.  *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

>  (1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;
(3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and

-12-

actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

> Simply stated, a federal court may review federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV.    ANALYSIS

### A.    Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court- Ground for Relief Number 8

Before determining whether a federal habeas corpus petitioner has overcome the above procedural barriers so that a federal district court may review his § 2254 federal habeas corpus petition, a petitioner must first comply with the Rules Governing Section 2254 Cases in the United States District Courts. Respondent contends that Petitioner's § 2254 federal habeas corpus petition should be dismissed in its entirety because Petitioner has failed to fulfill the requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 2(c)"). ECF Dkt. #9 at 1, 12-14.

Rule 2(c) states that the petition "shall set forth in summary form the facts supporting each of the grounds thus specified." The Rules Governing Section 2254 Cases do not require the federal courts to review the entire state court record of a petitioner to determine whether facts supporting the grounds for relief exist. *Adams v. Armontrout*, 897 F.2d 332, 333 (8th Cir.1990). Although courts should be lenient in their interpretation of *pro se* pleadings, the petitioner cannot place the onus of creating a federal claim on the reviewing court. *Burkey v. Deeds*, 825 F.Supp. 190, 193 (D.Nev.1993).

To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine "from the face of the petition alone" whether the petition merits further review. *Adams*, 897 F.2d at 334; see also *McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). Failing to provide factual context in support of legal conclusions warrants dismissal of the petition. *Smith v. Haskins*, 421 F.2d 1297, 1298 (6th Cir.1970); *Gray v. Wingo*, 391 F.2d 268 (6th Cir.1967). In *Smith*, the § 2254 petition contained legal conclusions without any supporting facts, such as "the trial judge committed prejudicial error" and "petitioner was denied the right to counsel at a police line-up." *Smith* at 1298. The court held that the federal habeas corpus petition was insufficient because the grounds stated did not provide any factual or circumstantial evidence to support its conclusions. *Id.* Habeas corpus pleadings must meet heightened pleading requirements. *See* Rule 2(c); *McFarland* at 856. Although the Court may undertake an analysis of Petitioner's claims based upon suppositions drawn from Petitioner's state court appeal, the Court is under no such duty. *See Jackson v. Smith,* 2011 WL 3566646 (N.D. Ohio)(report and recommendation adopted August 12, 2011.).

While Respondent asserts that all of Petitioner's grounds for relief are insufficient and therefore violative of Rule 2(c), the undersigned finds otherwise. The undersigned recommends that the Court find that Petitioner has sufficiently complied with Rule 2(c) as to all of his grounds for relief except for Ground for Relief Number 8. In Grounds for Relief Numbers 1-7, the undersigned recommends that the Court find that Petitioner has sufficiently complied with Rule 2(c) as he provides sufficient detail and facts to proceed with these grounds for relief.

As to Ground for Relief Number 8, the undersigned recommends that the Court find that Petitioner has failed to comply with Rule 2(c), which requires that a petition must "specify all grounds for relief available" as well as "state the facts supporting each ground." Petitioner only states in this Ground for Relief "[d]ue process violations" and he offers no further information as to the alleged due process violations or facts supporting such alleged violations. Accordingly, the undersigned recommends that the Court dismiss Petitioner's Ground for Relief Number 8 for Petitioner's failure to comply with Rule 2 of the Rules Governing Section 2254 Cases.

-14-

**B.**     **Statute of Limitations**

Respondent also asserts that the one-year AEDPA statute of limitations bars Petitioner's federal habeas corpus petition.  ECF Dkt. #9 at 16.  The undersigned agrees and recommends that the Court finds that the statute of limitations bars consideration of Petitioner's instant federal habeas corpus petition.

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that

-15-

has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling only when a petitioner shows both that he has been pursuing his rights diligently and some extraordinary circumstances prevented his timely filing of the federal habeas corpus petition. *Hall v. Warden, Lebanon Correctl. Inst.* 662 F.3d 745, 749 (6th Cir. 2005), citing *Holland v. Florida,* 560 U.S. 631m 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000); *Jurado*, 337 F.3d at 642.  Whether equitable tolling is appropriate is a case-by-case analysis. *Id*.  The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling.  *Vroman*, 346 F.3d at 605.

In this case, Petitioner did not timely appeal his conviction and sentence to the Eighth District Court of Appeals within thirty days of this sentence as required under Rule 4(A) of the Ohio Rules of Appellate Procedure.  Therefore, his conviction became final on September 20, 1993, upon expiration of this thirty-day appeal period.  ECF Dkt. #9-1 at 20.  The one-year AEDPA statute of limitations thus began running the day after the conviction became final and it expired one year later on September 21, 1994, absent tolling from a properly filed petition for post-conviction relief. The next filing in Petitioner's case was not made until nearly six years later, when Petitioner filed a motion to withdraw his guilty plea on May 12, 1999.  ECF Dkt. #9-1 at 23.  Petitioner had no filings during the one-year period, so tolling of the statute of limitations is not at issue as no time was left to run.  Accordingly, the undersigned recommends that the court find that the one-year AEDPA statute of limitations had expired well before Petitioner filed the instant federal habeas corpus petition and it is therefore barred.  Petitioner makes no assertions concerning equitable tolling in this case.  Accordingly, the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition in its entirety with prejudice because his petition is untimely filed.

-16-

**C.**    **Procedural Default-All Grounds for Relief**

Respondent also asserts that Petitioner has procedurally defaulted all of his grounds for relief. ECF Dkt. #9 at 15-16. The undersigned agrees and recommends that even if the Court finds that AEDPA statute of limitations had not expired or equitable tolling applies to Petitioner's petition, procedural default bars review of all of Petitioner's grounds for relief. A petitioner commits a procedural default "by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, (6th Cir. 2012 ), quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir.2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)) (internal quotation marks omitted). In order to avoid the procedural default of a ground for relief, a federal habeas petitioner "must have exhausted his or her remedies in state court." *Carter*, 693 F.3d at 563-564, citing *O'Sullivan,* 526 U.S. at 842, 119 S.Ct. 1728 and 28 U.S.C. § 2254(b)(1)(A). A federal claim is considered exhausted once it has been "fairly presented" at the first possible opportunity within "one complete round of the State's established appellate review process." *Carter*, 693 F.3d at 564, quoting *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir.2004); *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir.2004). An unexhausted claim is procedurally defaulted if the petitioner fails to exhaust state court remedies and state law no longer allows the petitioner to raise the claim. *Carter*, 693 F.3d at 564, citing *Williams*, 380 F.3d at 967.

In the instant case, Petitioner never filed a direct appeal to the Ohio appellate court from his 1993 guilty plea conviction and sentence. It is clear that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. While the United States Supreme Court has held that a federal habeas corpus petitioner need not exhaust any and all remedies that are potentially available to him in state court, the Court explained that a petitioner must "exhaust those remedies that comprise a state's 'standard,' 'established,' 'normal' appellate review process." *Id*., citing *Wilwording v. Swenson*, 404 U.S. 249, 249-50, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971)( per curiam). Petitioner did not do so in this case. Accordingly, the

-17-

undersigned recommends that the Court find that Petitioner has procedurally defaulted all of his grounds for relief.

The Court can still consider Petitioner's constitutional arguments if Petitioner shows cause to excuse his procedural default and resulting prejudice, or if the Court determines that  it is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986).  The Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004), quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quoting *Murray*, 477 U.S. at 496. The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*  Here, Petitioner has not advanced any reasons to excuse his failure to present a direct appeal.   Moreover, he has produced no new evidence to carry his burden of showing actual innocence or a fundamental miscarriage of justice.  Accordingly, the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition in its entirety based upon procedural default.

### D. Grounds for Relief Numbers 4, 5, 6, and 8–Waived by Guilty Pleas

Respondent also asserts that Petitioner's guilty plea in his underlying criminal cases waived his right to raise the issues that he presented in Grounds for Relief Numbers 4, 5, 6, and 8 because a guilty plea waives all pre-plea non-jurisdictional constitutional deprivations.  ECF Dkt. #9 at 14-15, citing *Tollett v. Henderson*, 411 U.S.  258, 267 (1973), *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981); *Herron v. Kelly*, No. 1:10cv1783, 2013 U.S. Dist. LEXIS 89754, at *17 (N.D. Ohio June 26, 2013).  The undersigned agrees and recommends that even if the Court finds that Petitioner's federal habeas corpus is timely filed or equitably tolled and is not barred by procedural default, the Court should find that Petitioner has waived his right to raise the issues that he presents in Grounds for Relief Numbers 4, 5, and 6.  The undersigned has already recommended that the

Court dismiss Ground for Relief Number 8 because it fails to contain the requisite specificity required by Rule 2.

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson,* 397 U.S. 759, 770-771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)". *Tollett*, 411 U.S. at 267.  This is because "[t]he focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.*

As Respondent points out, Petitioner does not challenge the voluntary, intelligent, or knowing nature of his plea.  ECF Dkt. #1 at 5-6, ECF Dkt. #9 at 14.  Ground for Relief Number 4 asserts a denial of Petitioner's right to testify before the grand jury.  ECF Dkt. #1 at 5.  Ground for Relief Number 5, challenges the denial of Petitioner's right to represent himself.  *Id.*  In Ground for Relief Number 6, Petitioner asserts that one of the trial court judges lacked subject matter jurisdiction to order a mental health record and hearing.  *Id.*  And in Ground for Relief Number 8, Petitioner asserts unspecified due process violations.  *Id.* at 6.  All of these grounds for relief concern issues occurring before Petitioner entered his guilty pleas.  Accordingly, Petitioner's subsequent guilty pleas waived his right to assert these issues before this federal habeas corpus Court.  For these reasons, the undersigned recommends that the Court dismiss Grounds for Relief Numbers 4, 5, 6, and 8 with prejudiced as waived by Petitioner.

### E.    Grounds for Relief Numbers 1, 2, 3, and 7- Noncognizable

Respondent further asserts that Petitioner's first, second, third, and seventh grounds for relief are not cognizable before this Court.  Again, the undersigned agrees with Respondent and recommends that the Court find that Grounds for Relief Numbers 1, 2, 3, and 7 are not cognizable before this Federal Habeas Corpus Court.

In Ground for Relief Number 1, Petitioner challenges the imposition of court costs by the state court as a violation of ex post facto laws.  ECF Dkt. #1 at 5.  However, "fines or restitution

orders fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Washington v. McQuiggin*, No. 11-1856, 529 Fed. App'x 766, 772-773 (6th Cir. July 11, 2013)(citing cases), unpublished.

Petitioner asserts in Ground for Relief Number 2 that he received new diagnoses and those records should have been submitted to the sentencing court for a sexual predator classification hearing. ECF Dkt. #1. Again, however, this is not a cognizable matter before this Federal Habeas Corpus Court as "the classification of a sex offender as a sexual predator is a collateral disability resulting from a conviction and thus does not satisfy the 'in custody' requirement of federal habeas corpus." *Thomas v. Morgan*, 109 F.Supp.2d 763, 767 (N.D.Ohio 2000). The Sixth Circuit held in *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002), that a federal habeas corpus petitioner who was incarcerated for rape and felonious assault under Ohio law did not meet "in custody" requirement of the federal habeas corpus statute by his challenge to Ohio's sex offender classification, registration and community notification provisions because he was not incarcerated or his liberty was not severely restricted based upon his adjudication under the sex offender statute as this was a collateral consequence of his conviction. Accordingly, the undersigned recommends that the Court dismiss this Ground for Relief.

In Ground for Relief Number 3, Petitioner challenges the trial court judge's "refusal" to take judicial notice of another trial court judge's orders concerning Petitioner's mental health records. ECF Dkt. 1 at 5. This is an issue of state law that is not cognizable before this Court. It also fails to meet the "in custody" requirement of the federal habeas corpus statute.

And finally, in Ground for Relief Number 7, Petitioner challenges the Clerk's failure to place a certified stamp seal on a journal entry. ECF Dkt. #1 at 6. Again, this is a challenge to the state law filing procedures which is not cognizable before this Court and it does not meet the "in custody" requirement of the federal habeas corpus statute.

## V.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss and DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice. ECF Dkt. #9. Consequently, the undersigned DENIES AS MOOT

Petitioner's motion for leave of court to conduct discovery under Rule 34 of the Federal Rules of

Civil Procedure (ECF Dkt. #11) and his motion for leave to amend exhibits (ECF Dkt. #13).


DATE: May 25, 2018                              */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court
within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file
objections within the specified time WAIVES the right to appeal the Magistrate Judge's
recommendation. L.R. 72.3(b).