**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DENNIS WAYNE POINTER,** | ) CASE NO. 1:17CV2048 |
| | ) |
| Petitioner, | ) **JUDGE DAN AARON POLSTER** |
| | ) |
| vs. | ) <u>**OPINION AND ORDER**</u> |
| | ) |
| **JEFF NOBLE, Warden**[1], | ) |
| | ) |
| Respondent. | ) |

This case is before the Court on the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R"). (**Doc #: 14**.) The Magistrate Judge recommends that the Court dismiss the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Dennis Wayne Pointer because his claims are time-barred, procedurally defaulted, not cognizable on federal habeas review, and/or lack merit ("§ 2254 Petition"). (**Doc #: 1**.) Specifically, Petitioner has raised eight grounds for relief in his § 2254 Petition. The Magistrate Judge determined that all grounds are time-barred and procedurally defaulted; he has recommended that the Court dismiss Ground 8 because it does not comply with Rule 2 of the rules governing § 2254 claims; he has found that Grounds 4, 5, 6 and 8 are waived by Petitioner's guilty plea; and he has concluded that Grounds 1, 2, 3 and 7 are not cognizable on federal habeas review. The Magistrate Judge has also recommended that the Court deny as moot

---

[1] The petition was originally filed against "Warden Richards"; however, the Warden of Madison Correctional Institution is now Jeff Noble. The respondent has been updated according to the Report and Recommendation by Magistrate Judge George J. Limbert.

Petitioner's motion for leave of the court to conduct discovery under Rule 34 of the Federal Rules of Civil Procedure and his motion for leave to amend exhibits. (**Doc #: 11, 13.**)

Under the relevant statute:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added). In this case, the R&R was issued on May 25, 2018, and it is now June 18, 2018. Twenty-four days have elapsed since the R&R was issued, and Petitioner has neither filed objections nor a request for an extension of time to file them. The failure to timely file written objections to an R&R constitutes a waiver of a *de novo* review by the district court of any issues covered in the R&R. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Despite the lack of objections, the Court has reviewed the Magistrate Judge's thorough, well-written R&R, and agrees with the Magistrate Judge's findings with one exception. The Magistrate Judge states that Grounds 4, 5, 6 and 8 "concern issues occurring before Petitioner entered his guilty pleas." (**Doc #: 14** at 19.) Therefore, the Magistrate Judge finds that "Petitioner's subsequent guilty pleas waived his right to assert these issues before this federal habeas corpus Court." *Id*. at 19. However, Ground 6 alleges that "Judge Russo did not have subject matter [jurisdiction] to order mental health record[s] and hearings." *Id*. at 8. Petitioner alleged that Judge Russo presided over a hearing on a motion to dismiss his sexual predator specification in August of 2014. *Id*. at 7. Petitioner entered his guilty plea on August 19, 1993.

*Id*. at 2.  Since the sexual predator specification hearing occurred after the guilty plea, Ground 6 is not waived by the guilty plea.  Instead, Ground 6 should be included under R&R Section IV(E) that an objection to a ruling during a sexual predator hearing is not a cognizable claim on federal habeas review.

Therefore, the Court **ADOPTS** the R&R, with the exception that Ground 6 should be considered not cognizable on federal habeas review (**Doc #: 14**).  Accordingly, the Court hereby **DISMISSES WITH PREJUDICE** the § 2254 Petition (**Doc #: 1**).

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     June 18, 2018*
**Dan Aaron Polster**
**United States District Judge**