UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS WAYNE POINTER,** | ) | **CASE NO. 1:17 CV 2048** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **JEFF NOBLE, Warden[1],** | ) | |
| | ) | |
| Respondent. | ) | |

On September 27, 2017, Pointer filed a Petition for Writ of Habeas Corpus with this Court. Doc #: 1. Warden Richards filed a Motion to Dismiss Pointer's federal habeas petition on February 21, 2018, and Pointer filed his Response on March 7, 2018. Doc #: 9 and 10. On May 25, 2018, after throughly reviewing the filings, Magistrate Judge Limbert issued a Report an Recommendation ("R&R") recommending that the Court dismiss Pointer's habeas petition. In the R&R, Pointer was instructed to file any objections by June 8, 2018. On June 18, 2018, 10 days after Pointer's objections were due, this Court issued an order adopting Magistrate Judge Limbert's R&R denying Pointer's habeas petition. On June 29, 2018, 21 days after Pointer's objections to the R&R were due, Pointer filed three motions: a Motion for pre filing authorization to file a second habeas corpus application ("Motion for a Second Habeas Petition"),

---

[1] The petition was originally filed against "Warden Richards"; however, the Warden of Madison Correctional Institution is now Jeff Noble. The respondent has been updated according to the Report and Recommendation by Magistrate Judge George J. Limbert.

a Motion to stay the petition and to hold it in abeyance until petitioner has been removed from mental health observation and until courts make a final judgment ("Motion to Stay") and a Motion to vacate the judgement pursuant to under Fed. R. Civ. P. 60(b)1 with affidavit ("Motion to Vacate"). Doc ##: 17, 18 and 19.

In his Motion for a Second Habeas Petition, Pointer repeats multiple arguments from his original habeas petition and adds new allegations related to his previous assertion of Due Process violations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the authority of federal courts to grant relief to individuals who previously filed habeas petitions. Under the AEDPA, petitioners must seek authorization in a federal appeals court before filing a "second or successive" petition in district court. 28 U.S.C. § 2244(b); See *In re: Raymond Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017). Therefore, for the reasons stated in the Court's June 18, 2018 Order adopting the R&R and under AEDPA § 2244(b), Pointer's Motion for a Second Habeas Petition is **DENIED**. Pointer's Motion to Stay is **DENIED** as moot because the Court has already issued its final judgement on Pointer's habeas petition by adopting the Magistrate's R&R on June 18, 2018.

In his Motion to Vacate, Pointer asks the Court to vacate its June 18, 2018 Order adopting Magistrate Judge Limbert's R&R because he was unable to file timely objections to the R&R due to his stay in a mental health observation ward. Rule 60(b)1 provides that a court *may* relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)1 (emphasis added). In deciding whether a late filing constitutes excusable neglect, courts make an "equitable determination that takes into account (1) the danger of

prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Thorn v. Brennan*, 690 Fed.Appx. 390, 392 (6th Cir. 2017) citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). Although Pointer filed an affidavit that his stay in a mental health observation ward prevented him from filing timely objections to the R&R, granting Pointer's Motion to Vacate will not serve judicial efficiency because all of the claims in his original petition are time barred or fail on the merits. Therefore, Pointer's Motion to Vacate is **DENIED**.

The Court will entertain no further motions from Pointer and has found no basis upon which to issue a certificate of appealability. Should Pointer wish to further pursue his case, he must first seek a certificate of appealability from the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster    July 5, 2018*
**Dan Aaron Polster**
**United States District Judge**